# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL A. HOUK,<br><br>  Defendant. | Case No. 1:18-po-00307-SAB<br><br>ORDER RE DEFENDANT'S MOTIONS *IN LIMINE* AND VACATING OCTOBER 3, 2019 HEARING<br><br>(ECF Nos. 19, 20, 21) |

**I.**

**BACKGROUND**

On June 16, 2018, Michael A. Houk ("Defendant") received a citation for violation of 36 C.F.R. § 2.34(a)(1), Disorderly Conduct, Fighting, Threatening, or Violence. (ECF No. 1.) Defendant made an initial appearance on the citation on October 25, 2018, and pled not guilty. On December 20, 2018, a status conference was held and Defendant requested additional time to review discovery that had been provided on December 10, 2018. A status conference was held on February 21, 2019, and the parties requested additional time for Defendant to consider a plea offer.

On April 4, 2019, a status conference was held and the parties requested that a bench trial be set. A bench trial was set for July 16, 2019, and a briefing schedule issued for motions *in limine* to be filed. No motions *in limine* were filed; and on July 2, 2019, the bench trial was

1

1  continued to October 10, 2019 due to the Court's initial unavailability and then subsequent
2  unavailability of parties until October.  (ECF No. 15.)  On July 18, 2019, a superseding
3  information was filed charging Defendant with violation of 18 U.S.C. § 113(a)(5), Simple
4  Assault within the Special Maritime and Territorial Jurisdiction of the United States, and 36
5  U.S.C. § 2.34(a)(3), Disorderly Conduct: Unreasonable Noise.  (ECF No. 16.)  On August 1,
6  2019, Defendant was arraigned on the superseding information and pled not guilty.  (ECF No.
7  18.)  A briefing schedule was set for the parties to file motions.  (Id.)

8  On September 12, 2019, Defendant filed motions *in limine*.  (ECF No. 19.)  On July 18,
9  2019, the parties filed a stipulation regarding the admissibility of evidence.  (ECF No. 20.)  The
10 Government filed an opposition to the motion on September 26, 2019.  (ECF No. 21.)

11 The Court, having reviewed the record, finds this matter suitable for decision without oral
12 argument.  See Local Rule 230(g).  Accordingly, the previously scheduled hearing set on
13 October 3, 2019, will be vacated and the parties will not be required to appear at that time.

14                                                    **II.**

15                                          **LEGAL STANDARD**

16 "A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence
17 in a particular area."  United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009).  A party may
18 use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is actually
19 introduced at trial.  See Luce v. United States, 469 U.S. 38, 40 n.2 (1984).  "[A] motion *in limine*
20 is an important tool available to the trial judge to ensure the expeditious and evenhanded
21 management of the trial proceedings."  Jonasson v. Lutheran Child and Family Services, 115
22 F.3d 436,440 (7th Cir. 1997).  A motion *in limine* allows the parties to resolve evidentiary
23 disputes before trial and avoids potentially prejudicial evidence being presented in front of the
24 jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of
25 prejudicial evidence.  Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

26 Judges have broad discretion in ruling on a motion *in limine*.  Jenkins v. Chrysler Motors
27 Corp., 316 F.3d 663, 664 (7th Cir. 2002); see also United States v. Torres, 794 F.3d 1053, 1059
28 (9th Cir. 2015) (motion *in limine* rulings are reviewed for abuse of discretion).  Evidence should

not be excluded on a motion *in limine* unless it is inadmissible on all potential grounds. United States v. Hitesman, No. 14-CR-00010-LHK-1, 2016 WL 3523854, at *2 (N.D. Cal. June 28, 2016). Unless this high standard is met, ruling on the motion *in limine* should be denied until trial so that the evidence can be considered in its proper context. Hitesman, 2016 WL 3523854, at *2; see also Jonasson, 115 F.3d at 440 (Some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion *in limine* and it is necessary to defer ruling until during trial).

## III.

## DISCUSSION

Defendant brings six motions *in limine*. Defendant seeks to 1) exclude evidence of other crimes, wrongs or acts pursuant to Rule 404(b) of the Federal Rules of Evidence; 2) preclude the Government from introducing evidence that was required to be and was not disclosed under Rule 16 of the Federal Rules of Evidence; 3) exclude the testimony of any Government witness whose criminal conduct has not been disclosed; 4) compel production of witness statements; 5) exclude statements allegedly made by Defendant that have not been disclosed; and 6) requests leave to raise further motions orally during the hearing.

Initially, the Court addresses Defendant's request to the extent that it seeks to preclude evidence that was not disclosed prior to the filing of the motion. Discovery in this action has not closed since no order was entered setting a discovery deadline. Therefore, Defendant's motion to exclude evidence on this ground is premature. Since discovery in this action is still open, Defendant's request to exclude evidence that was not disclosed prior to the filing of the motions *in limine* is denied.

### A.   Evidence of Other Crimes, Wrongs or Acts

Defendant's first motion *in limine* seeks to exclude any evidence under 404(b) for which the Government has failed to provide notice. Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible to prove "motive, opportunity, intent, preparation,

1  plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).
2  "On request by a defendant in a criminal case, the prosecutor must: (A) provide reasonable
3  notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
4  (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice."
5  Fed. R. Evid. 404(b)(2)(A)(B).

6  The Government responds that it does not intend to introduce any evidence pursuant to
7  404(b) and does not oppose the motion. Therefore, Defendant's motion *in limine* is granted
8  without prejudice to the Government's ability to cross examine witnesses regarding such
9  evidence should Defendant put his or the victim's character at issue during the trial.

### B. Evidence that was Not Disclosed Pursuant to Rule 16

Defendant's second motion *in limine* seeks to preclude the Government from introducing any evidence that was required to be disclosed and was not disclosed pursuant to Rule 16 of the Federal Rules of Evidence. Generally, as relevant here, Rule 16 of the Federal Rules of Criminal Procedure requires that, at the defendant's request, the Government must disclose any oral, written or recorded statement made by the defendant before or after arrest in response to interrogation that the Government intends to use at trial. Fed. R. Crim. P. 16 (a)(1). The parties are under a continuing duty to promptly disclose evidence where it is subject to discovery or inspection under Rule 16. Fed. R. Crim. P. 16(d) and Local Rule 440. Rule 16 also provides that where a party fails to comply with its discovery obligations, "the court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Rule 16 triggers the obligation to disclose evidence that is "in the actual possession, custody or control of the government." United States v. Gatto, 763 F.2d 1040, 1048 (9th Cir. 1985).

The Government opposes the motion on the ground that all discoverable information in its possession has been produced and evidence will continue to be produced should it be discovered.

The motion *in limine* is denied without prejudice as Defendant has not provided any

factual specificity as to any alleged non-compliance with Rule 16 by the Government. Defendant has not identified any documents or evidence that the Government has in its possession, custody, and control that has not been disclosed in compliance with Rule 16. Further, Rule 16 provides a number of remedies for a party's failure to comply with its discovery obligations and whether exclusion of the evidence is the appropriate remedy must be made on a case-by-case basis. United States v. Aiyaswamy, No. 15-CR-00568-LHK-1, 2017 WL 1365228, at *4 (N.D. Cal. Apr. 14, 2017). Should evidence be presented at trial that was not disclosed prior to trial, the opposing party may raise an objection at that time and the court will rule of the matter.

### C.  Testimony of Witnesses Whose Criminal History has not been Disclosed

Defendant's third motion *in limine* seeks to exclude the testimony of witnesses whose criminal history has not been previously disclosed. Defendant contends that the Government has disclosed a preliminary report regarding the criminal history of a witness, A[] B[], but the documents underlying the conviction have not been produced. Further, Defendant contends that he has not received any criminal history information pertaining to any other witness.

The Government responds that all criminal history information on witnesses for the Government that have a criminal record has been produced.

On September 18, 2019, the parties filed a stipulation that the Government's witness "A.B.'s" 2005 conviction and 2007 arrest and pretrial diversion will not be admissible to impeach A.B. unless defense counsel's review of the underlying records related to the 2005 conviction reveal an independent basis for its admissibility. (ECF No. 20.) Accordingly, the Court finds that the request to exclude the testimony of Adam Bree is moot.

Defendant has not demonstrated that the Government has failed to disclose any information within its actual possession, custody or control. Nor has Defendant shown that the Government has failed to disclose the criminal conduct of any government witness or that such conduct exists. Defendant's motion *in limine* no. 3 is denied.

### D.  Production of Witness Statements

Defendant's fourth motion *in limine* seeks an order requiring the Government to produce

as soon as practicable all witness statements governed by 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure. Defendant further seeks an order requiring the production of all prior statements of the government's witnesses at the start of the trial.

The Government does not oppose the motion and requests that Defendant likewise produce all witness statements as soon as practicable.

Under section 3500 and Rule 26.2, Defendant's right to the witness statements does not arise until after the witness has testified on direct examination. United States v. Bridges, 61 F. App'x 736, 739 (2d Cir. 2003); United States v. Acosta, 357 F.Supp.2d 1228, 1234-35 (D. Nev. 2005). However, the parties are free to disclose the statements earlier should they agree. Defendant's fourth motion *in limine* to order production of all witness statements at the start of trial is granted. The parties shall produce all witness statements as soon as practicable.

### E.   Statements Made by Defendant that have not been Disclosed

Defendant's fifth motion *in limine* seeks to exclude any statements made by Defendant that have not been provided in discovery pursuant to Rule 16(a)(1)(A). Rule 16(a)(1)(A) provides that "[u]pon a defendant's request, the government must disclose to the defendant the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial."

The Government responds that all statements made by the defendant that are in its possession have been produced. Further, the Government asserts that should any additional statements made by Defendant be discovered they will be produced.

The Government has an obligation under Rule 16(a)(1)(A) to disclose all Defendant's statements made before or after arrest upon request. Accordingly, Defendant's fifth motion *in limine* is granted.

### III.

### CONCLUSION AND ORDER

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Defendant's first motion *in limine* to exclude 404(b) evidence is GRANTED;

2. Defendant's second motion *in limine* to exclude evidence not disclosed prior to trial is DENIED without prejudice;

3. Defendant's third motion *in limine* to exclude testimony of witness whose criminal history has not been disclosed is DENIED;

4. Defendant's fourth motion *in limine* for production of witness statements is GRANTED and both parties shall produce witness statements as soon as practicable;

5. Defendant's fifth motion *in limine* to exclude any statements made by Defendant that were not produced in discovery is GRANTED; and

6. The hearing set for October 3, 2019 is VACATED.

IT IS SO ORDERED.

Dated:   **September 30, 2019**

UNITED STATES MAGISTRATE JUDGE